IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NAIBETH ANDREINA OROPEZA-CASTILLO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-210-L-BK** |
| | § | |
| **KRISTI NOEM,** ***et al.*****,** | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On October 29, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 31) was entered, recommending that the court deny Petitioner's habeas Petition and dismiss with prejudice this habeas action brought pursuant to 28 U.S.C. § 2241, in light of the Fifth Circuit's opinion in *Rodriguez v. Vergara*, — F.4th —, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), in which the court held that applicants for admission, like Petitioner, can be properly detained without bond under § 1225, and the Fifth Amendment's Due Process Clause does not require their release. *Id.* at *1, *7. The magistrate judge, therefore, determined that *Rodriguez v. Vergara* forecloses Petitioner's claims.

Petitioner filed objections to the Report (Doc. 32) in which he acknowledges the Fifth Circuit's opinion in *Rodriguez v. Vergara*, but he questions whether his entire habeas action should be dismissed on this basis given his "Supplemental Constitutional Argument Concerning Continued Detention" (Doc. 27), which was filed on May 12, 2026, before issuance of the Report. In that filing, Petitioner argued that the authority under 8 U.S.C. §§ 1225 or 1226 relied on by Respondents in responding to his habeas Petition does not address the constitutional legality of his detention, which he argues violates his right to due process under the Fifth Amendment.

As noted, however, the Fifth Circuit's opinion in *Rodriguez v. Vergara* was not limited to whether persons can be properly detained without bond under § 1225. The court also held that the Fifth Amendment's Due Process Clause does not require their release. Moreover, this "supplemental constitutional argument" was raised by Petitioner more than two months after he filed his initial reply (Doc. 20) that addressed and disputed matters raised in Respondents' March 18, 2026 response (Doc. 18) to his Petition, and Petitioner did not request to supplement or amend the claims in his Amended Petition. Regardless, as noted, this claim fails for the reasons stated by the magistrate judge and, thus, does not justify dismissing in part this action.

Petitioner also cites case authority for the conclusion that a judgment does not extinguish claims not asserted or claims that have not yet arisen under the law or circumstances at the time. The court **declines** to speculate whether Petitioner might be entitled to relief in the future in the event of subsequent changes in the law, and the court need not make any such determination for purposes of resolving the claims asserted in this case.

Having considered Petitioner's habeas petition, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections (Doc. 32); **denies** Petitioner's section 2241 Petition; and **dismisses with prejudice** this action.

**It is so ordered** this 25th day of November, 2026.

Sam A. Lindsay
United States District Judge